UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PEDRO AGRAMONTE, et al., | ) | CASE NO. 4:09 CV 790 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| J.T. SHARTLE, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Pro se plaintiffs Pedro Agramonte, Roderick Bailey, Lelyn Bates, Chuck Cheung,

Michael Clapper, Raymond Cornwell, John Dasta, Vincent Fauci, Edilberto Garcia, Kevin Green,

Michael Hines, Louis Hoover, Pagett Hoffman, Donald G. Jackman, Jr., Neil Johnson, Ubaldo

Lebron, James Llyod, Thomas Mackey, Aluiero Mesa Lopez, Richard Mears, Lee Meyers, Matthew

Meyers, Gustavo Ramirez, Belton Reeves, David Skidmore, Kevin Smith, Anthony Thevenin, and

Leon Whitman, Jr. filed this civil rights action against Elkton Federal Correctional Institution ("FCI

Elkton") Warden J.T. Shartle.  In the complaint, plaintiffs object to numerous conditions of their

confinement.  They seek monetary and injunctive relief.

**Background**

The plaintiffs are all inmates at FCI Elkton.  They allege that the prison has three

two-story buildings on the premises.  Each floor contains 128 cubicles.  The cubicles were originally

designed to hold two inmate beds, a writing desk and a chair.  FCI Elkton has converted 56 of its

cubicles to house three inmates.  To accommodate the additional bed, the desk and chair have been

removed from the three man cubicles.

The plaintiffs allege that the infrastructure of the prison has not been remodeled to

address the needs of the growing prison population.  They contend the number of toilets, urinals,

wash basins and showers has not been increased.  They indicate inmates often have to stand in line

to wait for a vacant restroom or shower.  They indicate that additional hot water tanks have not been

installed.  To maximize hot water during inmate showers, washing machines have been set to use

cold water.  They state that there are no comfortable places to sit to write letters or watch television.

They allege that chairs with metal grills have been placed in the common areas.  They indicate these

chairs are so uncomfortable that it is difficult to sit through an entire movie.  Finally, the plaintiffs

also contend that the number of inmates in wheelchairs has increased at FCI Elkton.  They contend

these inmates would have a difficult time evacuating the building in the event of a fire, due to the

number of inmates in the building.  They ask the court to order FCI Elkton to convert all cells back

to two man cells, and to award them monetary damages.

**Analysis**

A district court is expressly authorized to dismiss any civil action filed by a prisoner

seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes

2

that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

As an initial matter, eight of the twenty-eight purported plaintiffs have not properly brought claims before this court.  David Skidmore, Richard Mears, Thomas Mackey, James Lloyd, Edilberto Garcia, Vincent Fauci, Michael Clapper and Pedro Agramonte, did not sign the complaint. Cases in the courts of the United States may be conducted only by the parties personally or through counsel.  28 U.S.C. § 1654  There is no provision for a non-attorney's representation of others.  See 28 U.S.C. § 1654.  A litigant who wishes to proceed pro se therefore must personally sign the complaint to invoke this court's jurisdiction.  Steelman v. Thomas, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988).  Because Mr. Skidmore, Mr. Mears, Mr. Mackey, Mr. Lloyd, Mr. Garcia, Mr. Fauci, Mr. Clapper and Mr. Agramonte did not sign the complaint, this court will address only those claims asserted by the other plaintiffs.

The plaintiffs first claim that their living conditions violate the Eighth Amendment. To establish a violation of the Eighth Amendment, the offending conduct must reflect an unnecessary and wanton infliction of pain.  Ingraham v. Wright, 430 U.S. 651, 670 (1977). A viable Eighth Amendment claim has objective and subjective components.  Farmer v. Brennan, 511 U.S.

3

825, 834 (1994). The objective component requires that the pain be serious, Hudson v. McMillian,

503 U.S. 1, 8-9 (1992), and the subjective component requires that the defendant act with deliberate

indifference to an inmate's health or safety. Wilson v. Seiter, 501 U.S. 294, 302-03 (1991).

Even if the plaintiffs' allegations are accepted as true, they do not state a violation

of their Eighth Amendment rights. They allege that two man cells have been converted to three man

cells, thereby limiting the availability of resources to the prisoner population.  They indicate they

must sometimes stand in line to await for a restroom or a shower, they have fewer comfortable

chairs in the common rooms, and that they are required to wash their clothing in cold water.  While

crowded conditions can be restrictive and even harsh, they do not violate the Eighth Amendment

unless they deprive the inmate of the minimal civilized measure of life's necessities. Rhodes v.

Chapman, 452 U.S. 337, 347 (1981).  Inmates "cannot expect the amenities, conveniences and

services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir.1988); see Thaddeus-X

v. Blatter,175 F.3d 378, 405 (6th Cir. 1999).  Although the plaintiffs may have been subjected to

uncomfortable living conditions, they do not allege with any specificity that they were subjected to

conditions that could reasonably be described as an unnecessary and wanton infliction of pain.

Plaintiffs have not alleged a deprivation which triggers Eighth Amendment scrutiny.

The plaintiffs also claim that the defendant violated their Fifth Amendment rights

to due process by moving inmates into the three man cells when they commit disciplinary

infractions.  The Due Process Clause of the Fifth Amendment provides that a person may not be

deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. V.

Prisoners have narrower liberty interests than other citizens as "lawful incarceration brings about

the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Sandin v. Conner, 515 U.S. 472, 485 (1995) (internal quotations and citation omitted). We "reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest." Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

"The Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed." Sandin, 515 U.S. at 480. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Id. at 485.  "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." Wilkinson, 545 U.S. at 221.  In Sandin, the Supreme Court held that a prisoner's thirty-day confinement in disciplinary segregation was "within the range of confinement normally expected for one serving an indeterminate term of 30 years to life," Sandin, 515 U.S. at 487, and did not "present a dramatic departure from the basic conditions of [the inmate's] sentence."  Id. at 485.  In contrast, in Wilkinson, the Supreme Court held that prisoners "have a liberty interest in avoiding assignment to [super-maximum security prison]." Wilkinson, 545 U.S. at 224.  The plaintiffs in this case object to placement in three man cells in the general prison population.  This is not an "atypical and significant hardship" in prison life.  Sandin, 515 U.S. at 484.  The Due Process Clause, therefore, is not implicated by an inmate's placement into these cells.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A.  The court

5

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith**.**

        IT IS SO ORDERED.

                                            s/Peter C. Economus 7/22/2009
                                            PETER C. ECONOMUS
                                            UNITED STATES DISTRICT JUDGE